UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUBERT MARSHALL,

        Petitioner,

v.                              CASE NO. 04-CV-71645-DT
                                   HONORABLE NANCY G. EDMUNDS

HAROLD WHITE,

        Respondent.

_____/

## OPINION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

### I.    Introduction

Petitioner Hubert Marshall, a state prisoner currently confined at the Parnall Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted of two counts of assault with intent to do great bodily harm less than murder and felony firearm following a jury trial in the Wayne County Circuit Court in 2001.  He was sentenced as a third habitual offender to concurrent terms of 57 months to 20 years imprisonment on the assault convictions and a consecutive term of two years imprisonment on the firearm conviction.  In his pleadings, Petitioner raises claims concerning the police entry into his private club and the state court's refusal to conduct a suppression hearing on such matters.  For the reasons set forth below, the Court denies the habeas petition.

### II.    Facts and Procedural History

Petitioner's convictions arise from his shooting of two police officers during a police raid on his private club in Detroit, Michigan during the early morning hours on January 2, 1999.  The Michigan Court of Appeals set forth the relevant facts, which are presumed correct on habeas

1

review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx.

730 (6th Cir. 2002), as follows:

> The prosecution's theory at trial was that defendant shot two police officers,
> Sergeants Melvin Williams and Michelle Lofton-Neal, with the intent of doing
> great bodily harm to them.  Sergeant Williams testified that, during a police raid
> of a location, defendant pointed a gun at him and started firing, shooting him in
> the chest.  Sergeant Lofton-Neal testified that she was hit by two bullets in the
> right shoulder during the raid.  Defendant, however, indicated in his trial
> testimony that he began firing at the police officers because he did not realize that
> they were the police, but rather thought they were robbers and that one of them
> was about to shoot his son.  [FN1]
>
> FN1. Notably, Sergeant Williams testified that the officers were wearing vests
> that were marked "Detroit Police."

*People v. Marshall*, No. 2003 WL 1456132, *1 (Mich. Ct. App. March 13, 2003).

Prior to trial, Petitioner, through counsel, filed a motion to dismiss/quash and suppress

asserting that the police raid on his club was illegal.  The trial court denied his motion without

holding an evidentiary hearing, and the case proceeded to trial.

Following his convictions and sentencing, Petitioner, through counsel, filed an appeal as

of right with the Michigan Court of Appeals, asserting the following claims:

I.     The police violated his Fourth Amendment rights by forcing their way onto his
       property with guns drawn without exigent circumstances or a warrant.

II.    The police violated his right against unreasonable search and seizure when they
       failed to "knock and announce" prior to forcibly entering his property.

While the appeal was pending, Petitioner, through substitute counsel, filed a motion to submit a

supplemental brief in which he sought to add the following claims:

I.     He was denied a fair trial where the trial court refused to hold a suppression
       hearing regarding evidence seized during the raid on his club.

II.    The trial court erred when it refused to hold an evidentiary hearing
       regarding whether police violated the "knock and announce" statute.

III.   He was denied due process when the preliminary examination judge
       assumed facts not of record and failed to exclude inadmissible evidence.

2

> IV.   The trial court denied him a fair trial when it erroneously instructed the jury that he had a duty to retreat.
>
> V.   The trial court erroneously applied the duty to retreat instruction.

The Michigan Court of Appeals denied the motion to file a supplemental brief in an order dated January 6, 2003. The Michigan Court of Appeals thereafter affirmed Petitioner's convictions. *People v. Marshall*, No. 235563, 2003 WL 1456132 (Mich. Ct. App. March 13, 2003). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, raising all seven claims presented to the Michigan Court of Appeals in his appeal and supplemental motion. The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Marshall*, 469 Mich. 998, 675 N.W.2d 594 (Jan. 27, 2004).

Petitioner thereafter filed his initial petition for writ of habeas corpus with this Court, asserting the following claims:

> I.   The police violated his Fourth Amendment rights by forcing their way onto his property without exigent circumstances or a warrant.
>
> II.   The police violated his right against unreasonable search and seizure when they failed to "knock and announce" prior to entering his property.
>
> III.   He was denied a fair trial where the trial court refused to hold a suppression hearing regarding evidence seized during the raid on his club.
>
> IV.   The trial court erred when it refused to hold an evidentiary hearing regarding whether police violated the "knock and announce" statute.
>
> V.   He was denied due process when the preliminary examination judge assumed facts not of record and failed to exclude inadmissible evidence.
>
> VI.   The trial court denied him a fair trial when it erroneously instructed the jury that he had a duty to retreat.
>
> VII.   The trial court erroneously applied the duty to retreat instruction.

Respondent filed a motion to dismiss the petition for failure to exhaust state court remedies as to claims III through VII, which this Court granted, dismissing the case without

prejudice on December 2, 2004.

Petitioner then filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit challenging the Court's dismissal. He also moved to re-open the case to proceed only on the exhausted claims contained in his petition. This Court granted Petitioner's motion and re-opened this case to proceed on the exhausted claims. The Court then stayed the matter pending the Sixth Circuit's resolution of Petitioner's appeal. The Sixth Circuit dismissed Petitioner's appeal on July 26, 2005. Petitioner then moved to lift the stay to proceed on the two exhausted issues, habeas claims I and II, and to amend his petition to add the suppression hearing issues, habeas claims III and IV, which he contended were exhausted in the state courts in motions for peremptory reversal and immediate consideration. The Court granted Petitioner's motion and re-opened the case on January 4, 2005. Respondent has since filed an answer to the amended petition, asserting that it should be denied. Petitioner has filed a reply to that answer.

## III.    **Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the

5

reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8ᵗʰ Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, this Court presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6ᵗʰ Cir. 1998).

**IV.**    **Analysis**

Petitioner asserts that he is entitled to habeas relief because the police violated his Fourth Amendment rights by raiding his club without exigent circumstance or a warrant and by failing to properly "knock and announce" their presence. Petitioner relatedly asserts that the trial court violated his constitutional rights by failing to conduct a suppression/evidentiary hearing on those issues. Respondent contends that Petitioner's claims lack merit.

Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6ᵗʰ Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6ᵗʰ Cir. 1982)).

Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim. *See, e.g., People v. Ferguson*, 376 Mich. 90, 93-94 (1965) (motion to suppress), *People v. Harris*, 95 Mich. App. 507, 509 (1980); *see also Machacek*, 213 F.3d at 952. Petitioner has not shown that a failure of that procedural

6

mechanism prevented him from litigating his claims.  The record reveals that Petitioner

challenged the legality of the raid prior to trial by filing a motion to dismiss/quash and suppress.

The trial court denied his motion.  Petitioner also challenged the legality of the raid on direct

appeal of his convictions.  The Michigan Court of Appeals concluded that Petitioner was not

entitled to relief on his claims, stating in relevant part:

> Defendant argues that his convictions should be reversed because the police
> officers violated his constitutional protections against unreasonable searches and
> seizures by (1) entering the location of the incident without a search warrant, and
> (2) failing to knock and announce their presence.
>
> In *People v Daniels*, 186 Mich App 77, 82; 463 NW2d 131 (1990), this Court
> stated:
>
> > [W]e are convinced that the exclusionary rule does not act to bar the
> > introduction of evidence of independent crimes directed at police officers
> > as a reaction to an illegal arrest or search.  Any other conclusion would
> > effectively give a person who has been the victim of an illegal seizure the
> > right to employ whatever means available, no matter how violent, to
> > elude capture.  [Citation omitted.]....
>
> The charges in the present case are based on defendant shooting two police
> officers in reaction to their entry into his "club."  It is that entry that defendant
> claims violated his constitutional protection against unreasonable searches and
> seizures.  Thus, assuming for purposes of discussion that the police entry
> constituted an illegal search in violation of defendant's constitutional protections
> against unreasonable searches and seizures, . . . the exclusionary rule is
> nevertheless inapplicable in this case, which is predicated entirely on charges of
> independent crimes committed in reaction to the police entry.
>
> Further, while defendant asserts that the police violated the "knock and
> announce" statute, M.C.L. § 780.656, suppression of evidence is not an available
> remedy for a violation of that statute.  *People v Stevens (After Remand)*, 460
> Mich 626, 644-645; 597 NW2d 53 (1999); *see also People v Vasquez (After
> Remand)*, 461 Mich 235, 241; 602 NW2d 376 (1999); *People v Hudson*, 465
> Mich 929, 932; 639 NW2d 255 (2001).  Thus, the apparent illegality of the
> police entry does not call for reversal of defendant's convictions.

*Marshall*, 2003 WL 1456132 at *1 (footnotes omitted).

Given this record, it is clear that the Michigan courts were cognizant of Petitioner's

Fourth Amendment claims and that he received all the process he was due.  While Petitioner

challenges the state courts' handling of his claim and their resulting decisions, he has not shown that the procedures were flawed such that he was unable to properly litigate the issues.

Petitioner seemingly contends that he was deprived of a full and fair opportunity to litigate his Fourth Amendment issues because the trial court failed to conduct a suppression hearing on his claims. The mere fact that the state court ruled on the issues without conducting an evidentiary hearing does not constitute a denial of a full and fair opportunity to litigate. *See Gonzalez v. Superintendent, Sullivan Corr. Facility*, 761 F. Supp. 973, 976-77 (E.D.N.Y. 1991) (state procedures afforded petitioner full and fair opportunity to litigate illegal arrest claim despite the fact that the trial and appellate courts denied his motion for a probable cause hearing on the ground that insufficient facts were asserted to warrant an evidentiary hearing); *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977) (habeas review not warranted where state court's refusal to hold an evidentiary hearing on a Fourth Amendment claim was based on a finding that the petitioner's allegations did not conflict with police affidavits).

Moreover, the opportunity to litigate encompasses more than an evidentiary hearing in the trial court. It also includes corrective action available through the appellate process on direct review of the conviction. *See Pulver v. Cunningham*, 419 F. Supp. 1221, 1224 (S.D.N.Y. 1976). Because all of the material facts were before the state appellate courts on direct review, the Michigan Court of Appeals addressed the relevant issues, and the appellate process was not otherwise deficient, Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims. Accordingly, his claims concerning the constitutionality of the raid are not cognizable on habeas review pursuant to *Stone v. Powell, supra*.

Additionally, the Court notes that the Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Courts which have considered situations in which a defendant seeks to suppress evidence

8

relating to his violence or threatened violence toward police officers subsequent to an unlawful search or seizure or a warrantless entry have uniformly rejected motions to suppress those acts. *See United States v. Crump*, 62 F. Supp. 2d 560, 568 (D. Conn. 1999) (citing cases).  If a defendant's response to an illegal stop "is itself a new, distinct crime, then the police constitutionally may arrest the defendant for that crime" and any evidence uncovered pursuant to that arrest is admissible against the defendant.  *United States v. Bailey*, 691 F.2d 1009, 1017 (11th Cir. 1982) (fleeing suspect struck officer and attempted to grab officer's gun during struggle following illegal stop); *see also United States v. Schmidt*, 403 F.3d 1009, 1016 (8th Cir. 2005) (resistance to an illegal arrest can furnish grounds for a second, legitimate arrest); *United States v. Sprinkle*, 106 F.3d 613, 619 (4th Cir. 1997) (suspect fled when officer began illegal pat-down and fired gun at officer during ensuing chase); *United States v. Waupekenay*, 973 F.2d 1533, 1537 (10th Cir. 1992) (suspect brandished semi-automatic rifle after police illegally entered home); *United States v. King*, 724 F.2d 253, 256 (1st Cir. 1984) (defendant shot at police while officer was conducting illegal search of another suspect).  Thus, even if the Court were to consider Petitioner's Fourth Amendment issues, it would deny habeas relief in this case.

Lastly, the Court notes that Petitioner was not denied due process or the opportunity to present a defense at trial.  *See Washington v. Texas*, 388 U.S. 14, 19 (1967) (a criminal defendant has a right to present a defense under the Sixth Amendment to the United States Constitution).  The record reveals that Petitioner was able to cross-examine the prosecution's witnesses, present defense witnesses, and testify on his own behalf during trial in an effort to establish that the police officers' actions were improper, that he was not aware that the people entering his club were police officers, and that he acted in self-defense.  Given such circumstances, habeas relief is not warranted in this case.

**V.    Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on the claims contained in his petition, as amended.  Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**s/Nancy G. Edmunds**
**Nancy G. Edmunds**
**United States District Judge**

**Dated:  June 27, 2006**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on June 27, 2006, by electronic and/or ordinary mail.**

**s/Carol A. Hemeyer**
**Case Manager**